# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4041-01-CR-C-NKL |
| | ) | |
| WESLEY CLARK JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

Before this court are the August 11 and 15, 2005, motions filed by defendant Wesley Clark James to suppress all physical and tangible evidence obtained pursuant to the search of his home on August 19, 2005. The Government has responded in opposition to the motions.

A hearing was held on the motions on September 16, 2005. During the pendency of the hearing, defendant orally withdrew his motion to suppress as to the search warrant being properly signed and dated, citing production of a signed and dated search warrant at the Moniteau County courthouse. Defendant continues with his motion to suppress, however, on grounds that the application for the search warrant did not contain sufficient information to support a finding of probable cause to issue a search warrant.

*Facts*

The Moniteau County Prosecuting Attorney submitted an application and affidavit for issuance of a search warrant for defendant's home to a Moniteau County, Missouri, Associate Circuit Judge on August 19, 2005. The Judge found there to be probable cause and issued the warrant. Plaintiff's home was subsequently searched on that same date, pursuant to the search warrant issued. During the search of the residence, officers found several items associated with the manufacture and distribution of methamphetamine and a firearm.

*Discussion*

When reviewing another Court's issuance of a search warrant, the duty of the reviewing Court is simply to ensure that the judge who issued the warrant had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 2332 (1983). To determine probable cause in issuing a search warrant, the issuing judge is simply to make a practical, common sense decision whether, given all the circumstances in the affidavit before her, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* at 2332.

In the instant case, Officer Wheatley testified that no additional information beyond the application and affidavit were provided to the Moniteau County Judge in support of determining probable cause to issue a search warrant for defendant's residence. Therefore, the information provided by such documents will be the only evidence considered in making a determination as to probable cause. Upon review, the court finds that the affidavit supporting the application for search warrant containing statements by Jason Rayburn on August 19, 2005, that he saw meth pipes or meth paraphernalia in the home while he was working on computer equipment, in conjunction with the other corroborating evidence contained in the affidavit, was sufficient to establish probable cause to believe that contraband or evidence of a crime would be found in defendant's residence. Defendant's motion to suppress for lack of probable cause should be denied.

Furthermore, the court finds that even if probable cause did not exist, upon de novo review, defendant's motion to suppress should be denied under the good-faith exception in *United States v. Leon*, 468 U.S. 897 (1984). The good-faith exception allows evidence obtained pursuant to a facially valid search warrant, later found to be invalid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. *Id.* Reliance on a judge's determination of probable cause is reasonable in the execution of a search warrant unless a reasonably well-trained officer would have known the search was illegal despite the judge's authorization. *Id.* at 3420. In the instant case, the court finds that reliance by Officer Wheatley and the other law enforcement officers who executed the search warrant was reasonable. There is no evidence that the Moniteau County Judge was misled by the affidavit provided by Officer Wheatley or that the Judge wholly

abandoned her judicial role. *Id.* at 3421. Moreover, the warrant application and affidavit are not so lacking in indicia of probable cause so as to render reliance unreasonable, neither is the warrant so facially deficient that reliance upon it is unreasonable. *Id.* The court finds reliance on the warrant by executing officers to be reasonable; therefore, the good-faith exception applies to the evidence seized from defendant's residence.

For the reasons set forth above, this court finds that the evidence seized from defendant's home is not the fruit of an unconstitutional search.

IT IS, THEREFORE, RECOMMENDED that defendant's motions to suppress be denied [11, 12].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge