IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4041-01-CR-C-NKL |
| ) | |
| WESLEY CLARK JAMES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

On June 27, 2006, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Wesley James' Motions to Suppress Physical and Tangible Evidence [Docs. ## 37, 41]. *See* Report and Recommendation [Doc. # 47]. James, through his attorney, filed objections on July 21, 2006 [Doc. # 52]. Having conducted an independent review of the record and considered James' objections, the Court concludes that Judge Knox's Report and Recommendation is correct and should be adopted.

James argues that Officer Anthony Wheatley's application for the search warrant contained intentionally false statements or statements made with reckless disregard for the truth. Specifically, James asserts that Officer Wheatley attributed information to Jason Rayborn that Rayborn says he did not provide. James requests that Rayborn's statements

1

be excised from the affidavit, and argues that the remaining facts are insufficient to support the issuance of a warrant.

A presumption of validity attaches to the affidavit supporting the search warrant. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674 (1978). To overcome the presumption of validity, James must produce sufficient, reliable evidence that Officer Wheatley was dishonest or reckless in preparing his affidavit. *Id.* In his affidavit, Officer Wheatley swore that Rayborn told him that he saw methamphetamine pipes and paraphernalia in James's house, that James, Kevin Stinson, and Stinson's girlfriend were currently in the residence, and that a safe with meth paraphernalia was located in the rear room of the house. Rayborn testified that he provided no such information to Officer Wheatley. Other than Rayborn's testimony, James produced no evidence that Officer Wheatley was dishonest or reckless in preparing his affidavit. Officer Wheatley prepared his affidavit shortly after interviewing Rayborn, and the information contained in the affidavit was corroborated when the warrant was executed. Indeed, James has not provided an alternative explanation for the accuracy of the information attributed to Rayborn in Officer Wheatley's affidavit. Therefore, James has failed to overcome the presumption of the validity of the affidavit or show that it contained deliberate falsehoods or reckless disregard for the truth.

James also challenges the magistrate's determination that Rayborn's testimony was only partially credible. Because Rayborn's testimony was at odds with that of both testifying officers and because his friendship and business dealings with James give him

motive to want to help James, the Court finds that Rayborn's testimony was only partially credible.

James also challenges whether the destruction of items seized by officers during a search on August 21, 2004 was done pursuant to legitimate policies and whether the destruction of evidence denied James due process of law or substantially prejudiced him. Numerous items were seized during the August 21, 2004 search. Though some of the items seized were preserved, most of the items were destroyed. A series of 18 photographs document the items seized, including the destroyed items. These photographs were provided to James during the course of discovery. James contends that the photographs depict the items in an artificial arrangement as opposed to the places in which they were found at the search location. The property summary report, however, identifies the locations where the items were recovered. James has failed to show that the photographs disadvantage him. The Government acknowledges the items were destroyed, but asserts that the items and chemicals used in the manufacture of methamphetamine are dangerous to the environment and dangerous to store. The Government claims the items were disposed of pursuant to departmental policies and environmental regulations.

James has not produced evidence that the Government acted in bad faith. *United States v. Iron Eyes*, 367 F.3d 781, 786 (8th Cir. 2004) ("[T]he failure to preserve potentially useful evidence does not violate due process unless a criminal defendant can show bad faith on the part of the police." (quotation omitted)). Furthermore, James has
3

not produced evidence that the destroyed items had any exculpatory value. *Illinois v. Fisher*, 540 U.S. 544, 547, 124 S.Ct. 1200 (2004) ("[W]hen the State suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution is irrelevant: a due process violation occurs whenever such evidence is withheld."). Accordingly, James has not shown that he was denied due process of law or substantially prejudiced when the Government destroyed certain items of evidence pursuant to departmental policy.

Finally, James challenges "[t]hose portions of the report and recommendation which hold that peace officers seized a fuel tank containing anhydrous ammonia and a can of Xylol August 21, 2004 in Morgan County or that peace officer [*sic*] seized a fire extinguisher containing anhydrous ammonia." Def's Exceptions ¶ 8(f). First, the Report and Recommendation does not hold that the police seized a fire extinguisher containing anhydrous ammonia. Second, the record supports a finding that the police seized "a fuel tank containing anhydrous ammonia and a can of Xylol, which were buried on the property." Report and Recommendation at 5. James may challenge this evidence at trial, but for purposes of the issues raised by the Motion to Suppress, the magistrate's statement is accurate.

Based upon the evidence presented, the Court finds no basis for granting James' Motions to Suppress [Docs. ## 37, 41].

Accordingly, it is hereby

4

ORDERED that Judge Knox's Report and Recommendation of June 27, 2006

[Doc. # 47], is adopted.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  September 25, 2006  
Jefferson City, Missouri